STATE v. JOHN JONES.

(Filed 21 May, 1930.)

**1. Criminal Law G d—Testimony of deaf mute in this case held competent.**

Upon the trial for a homicide, testimony of a deaf mute that he saw the defendant take the arm of the deceased "and make like to cut him" is competent with other testimony to like effect and as substantive evidence.

**2. Criminal Law L e—Question calling for hearsay evidence which is not answered will not be held for reversible error.**

Where a question asked by the solicitor of a physician calls for hearsay evidence, it will not be held for reversible error if the question is not answered and it does not appear what the answer would have been.

APPEAL by defendant from *Schenck, J.,* at January Term, 1930, of BUNCOMBE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*W. A. Sullivan and R. R. Reynolds for defendant.*

ADAMS, J. Four defendants were indicted for the murder of Claude Gentry. Sam Jones and W. C. Jones were discharged when the action as to them was dismissed, Ed Swan was acquitted, and John Jones was convicted of manslaughter. From the judgment pronounced the latter appealed.

There are only two assignments of error. F. G. Hembry testified without objection that he was present when the fatal wound was inflicted and saw the defendant knock the deceased backward, get on top of him, and cut him with a knife in the stomach or side. A deaf mute afterwards testified that he saw the defendant take the arm of the deceased and "make like to cut him." To the last statement the defendant excepted. This testimony corroborated Hembry and was itself substantive evidence; it was therefore properly admitted.

Dr. Mooneyhan was asked whether in his presence the deceased said who cut him. The proposed testimony was not *res gestæ,* but the narrative of a transaction, and was not a dying declaration. It was hearsay. Moreover, it does not appear what the answer would have been. There is

No error.